IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **LINDA L. SICIENSKI** | * | |
|    Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. **3:07cv00243-REP** |
| | * | |
| **SAXON MORTGAGE SERVICES, INC.** | * | |
|    Defendant. | * | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS DUE TO IMPROPER VENUE

COMES NOW Defendant Saxon Mortgage Services, Inc., by undersigned counsel, and in support of its Motion To Dismiss Due To Improper Venue states as follows:

1. The Plaintiff's Complaint is an action "brought pursuant to The Real Estate Settlement Practices Act (RESPA) and the common law tort of defamation." (Complaint, paragraph 1). Count One of the Complaint alleges that Defendant Saxon Mortgage Services, Inc. violated various provisions of 12 U.S.C. § 2605, and is the sole basis of federal jurisdiction for the Plaintiff's action.

2. 12 U.S.C. § 2614 (Jurisdiction of courts) specifically requires:

Any action pursuant to the provisions of section 6, 8, or 9 [12 USCS § 2605, 2607, or 2608] may be brought in the United States district court or in any other court of competent jurisdiction, **for the district in which the property involved is located, or where the violation is alleged to have occurred**, within 3 years in the case of a violation of section 6 [12 USCS § 2605] and 1 year in the case of a violation of section 8 or 9 [12 USCS § 2607 or 2608] from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation (emphasis added).

3. According to her Complaint, the Plaintiff's property in located in Woodbridge (Prince William County), Virginia. (See last paragraph, page 7). While the Plaintiff's Complaint makes no specific representations as to where the alleged RESPA violations occurred, the

exhibits attached to the Plaintiff's "Motion And Notice For Preliminary Injunction And Temporary Restraining Order" show that Defendant Saxon Mortgage Services, Inc. was servicing the Plaintiff's mortgage loan in Forth Worth (Tarrant County), Texas, which is also where the Defendant has its principal place of business.

4. As such, the proper venue for the Plaintiff's Complaint is either (1) a Court of competent jurisdiction sitting in Prince William County, Virginia or Tarrant County, Texas, or (2) a United States District Court whose jurisdiction includes Prince William County, Virginia or Tarrant County, Texas.

## CONCLUSION

The Plaintiff has filed her Complaint in a federal district court other than one that is permitted by 12 U.S.C. § 2614, and pursuant to 28 U.S.C. § 1406, the Defendant is entitled to have the Complaint dismissed.

Respectfully submitted,

**SAXON MORTGAGE SERVICES, INC.**
   by Counsel

_____/s/_____
Robert A. Oliveri, Jr., Esquire
Virginia State Bar #47247
*Counsel for Saxon Mortgage Services, Inc.*
DRAPER & GOLDBERG, PLLC
803 Sycolin Road SE, Suite 301
Leesburg, Virginia 20175-5654
703-554-6414 (direct)
703-995-4542 (facsimile)
roberto@drapgold.com

### Certificate of Service

I hereby certify that on this *22nd* day of *May 2007*, I will electronically file the foregoing with the Clerk of the Court using CM/ECF system, which will then send notification of such

filing (NEF) to the following:

>Robin A. Abbott, Esquire
>Consumer Litigation Assoc., P.C.
>12515 Warwick Boulevard, Suite 100
>Newport News, VA 23606
>rabbottlaw@msn.com

>_____/s/_____
>Robert A. Oliveri, Jr., Esquire
>Virginia State Bar #47247
>*Counsel for Draper & Goldberg, PLLC*
>DRAPER & GOLDBERG, PLLC
>803 Sycolin Road SE, Suite 301
>Leesburg, Virginia 20175-5654
>703-554-6414 (direct)
>703-995-4542 (facsimile)
>roberto@drapgold.com