**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**LINDA L. SICIENSKI**,

      Plaintiff,

v.                                                    C. A. No.: 3:07cv243

**SAXON MORTGAGE SERVICES, INC.,**

      Defendant.

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS DUE TO IMPROPER VENUE

COMES NOW the Plaintiff, LINDA L. SICIENSKI ("Plaintiff" and "Ms. Sicienski"), by counsel, as and for her Memorandum in Opposition to Defendant's Motion to Dismiss Due to Improper Venue, she says as follows:

### *OVERVIEW*

Defendant has not contested Personal Jurisdiction, but instead it asks only that the Court dismiss and abandon the case based upon improper venue. Because Venue is proper here and there is no established basis for forcing Plaintiff to litigate in a venue which is not of her choice, the motion should be denied.

### *RELEVANT FACTS*

1. The Plaintiff has chosen Richmond, Virginia, as her preferred Venue.

2. The facts in this case regard a mortgage loan which was secured by real estate located in the Alexandria Division, and a claim for defamation.

3. This case has nothing to do with the underlying property or the security for the subject loan.

4. The Defendant's Registered Agent for Service and only fixed presence in Virginia is by their Statutory Agent, the Corporation Service Company, located in Richmond, Virginia.

5. Venue is proper where the defendant has a registered office or has appointed an agent to receive process. Code of Virginia §8.01-262.2. Defendant's registered agent is as evidenced by the Affidavit of Service filed with the Court by Hester Attorney Services, Inc.

6. All of Defendant's employees and Fed. R. Civ. P. 30(b)(6) designees will be located out of state.

7. Upon information and belief, Defendant has counsel in the Alexandria Division and would prefer venue in the Alexandria Division, although it does not seek a transfer of the case to the Alexandria Division.

### *ARGUMENT*

**I.  VIRGINIA JURISDICTION IS PROPER.**

Defendant's principal argument challenges the basis, not only for Richmond Venue, but also Virginia jurisdiction. Accordingly, Plaintiff must begin her argument addressing this assertion.

In the present matter, the Plaintiff has asserted jurisdiction based upon diversity and because the Defendant is a foreign corporation authorized to do business in Virginia, is doing business in Virginia, and maintains its principal office in Virginia through its Registered Agent. The Defendant infers that Texas may be a proper jurisdiction because that is where it services the mortgage loan at issue in this case and, additionally, where it maintains its principal place of business. The Defendant is incorrect. The Virginia statute, "as in the case of other state statutes as well, has been construed to extend in personam jurisdiction to the outmost perimeters of due process." *Peanut Corp. of America v. Hollywood Brands, Inc.,* 696 F.2d 311, 313 (4th Cir.

1982)(citations omitted). It is also well-settled that Due Process no longer requires that a defendant be physically present in the state in order for the state to exercise jurisdiction over the defendant. See *Hanson v. Denckla*, 357 U.S. 235, 250-251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945 (4th Cir. 1994).

> The basic premise behind the minimum contacts analysis is that the defendant's own actions must be such as to put it on notice of the possibility of defending itself in the forum state. Thus, the defendant 'should reasonably anticipate being haled into court there.' See *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In the Fourth Circuit, '[t]he touchstone of the minimum contacts analysis remains that an out-of-state person have engaged in some activity purposefully directed toward the forum state.' *Lesnick*, 35 F.3d at 945.

*Weinstein v. Todd Marine Enterprises, Inc.,* 115 F.Supp.2d 668, 671 (E.D.Va. 2000)(Judge Doumar). The Defendant cannot reasonably contend that it was without notice of its Virginia involvement or that it did never avail itself of Virginia's governance. This is especially true due to the fact that the Defendant sought and obtained authorization to conduct business in Virginia from the Virginia State Corporation Commission.

Furthermore, the actions of the Defendant which Plaintiff alleges to be unlawful and tortious constituted more than merely securing a loan with real property or attempting to collect a debt. Instead, the Defendant, by and through its agents, employees, and/or representatives, Commonwealth Asset Services, Inc., a company transacting business throughout the Commonwealth of Virginia, committed defamation as alleged in the Complaint. The question is instead whether the Plaintiff is pursuing claims, "arising out of or related to the defendant's contacts with the forum." *First American First, Inc. v. National Ass'n of Bank Women*, 802 F.2d 1511, 1516 (4th Cir. 1986). It is and there is thus Virginia jurisdiction.

## II. VENUE IN RICHMOND IS PROPER.

Consideration of a Motion to Dismiss based on Venue is essentially a two-step process.

First, the Court must consider whether or not Venue in the District or Division is even proper. If it is, then the Court, rather than dismissal, can consider a motion to transfer to a more convenient venue, although the Defendant has not asked for such transfer directly.

Venue is proper in the Richmond Division because this is the forum within which the Defendant "may be found." 28 U.S.C. §1391(b)(3). The Defendant's residency and presence in Virginia is where its registered agent is served. Further, 28 U.S.C. §1391(c), provides "For purposes of venue under this Chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." The statutory agent for the Defendant is Corporation Service Company located at 11 S. 12th Street, Richmond, Virginia. In fact, the Fourth Circuit has addressed just such a question. *Maritrans Operating Partners Ltd. Partnership v. M/V Balsa 37*, 64 F.3d 150, (4th Cir. 1995). The Court considered what it means for a Defendant to be "found within the District." In this analogous fact pattern the Court held:

> Virginia Code Section 13.1-758 F provides for substituted service on the Clerk of the State Corporation Commission where a foreign corporation without certificate of authority transacts business in the Commonwealth but has no director, officer or agent within the Commonwealth on which to serve process.FN12. Clearly, Tsacaba had an agent authorized by law upon which to serve process under Rule 4(d), and thus does not fall within the LAR's definition of "not found within the district" under Admiralty Rule B. Accordingly, the attachment should not have issued, because a statutory agent, the Clerk of Commission, was found within the district, in Richmond.

*Id.*[1]

There are also no connections between the Defendant and the Alexandria Division beyond their conduct in this case. Plaintiff's presence in Prince William County, and the address

---

1. This would also be true if the matter were in Virginia state court. Venue would be explicitly created in Richmond upon Va. Code 8.01-262(2) which permits venue "Where the defendant....has appointed an agent .... <u>or such agent has been appointed by operation of the law</u>." (emphasis added).

of her home, is irrelevant as she has stated her preference for the present Division. *Mullins v. Equifax Information Services, L.L.C.*, Slip Copy, 2006 WL 1214024 (E.D.Va. 2006)(Judge Payne). In *Hester Industries Inc. v. Stein Inc.,* the Court considered a similar motion to transfer venue. 1996 WL 710835, 40 U.S.P.Q.2d 1844 (E.D.Va. 1996). The Defendant did not have any meaningful connection to the Plaintiff's home district. Still, it argued that the case should be transferred there because this was where the Plaintiff resided and had its contacts. As in the present case, the defendant failed to identify any contacts it had in the venue of Plaintiff's residence. The Court rejected the Defendant's argument:

> Stein, which bears the burden of proving improper forum, has failed to proffer any contacts with the Western District, except the sale of some equipment to a client in Rockingham County.
> Here, Stein goes to great lengths to emphasize Plaintiff Hester's contacts with the Western District of Virginia. However, *sections 1391 and 1400 address only the defendant's contacts with the disputed venue*. This statutory choice reflects traditional deference to the Plaintiff's choice of forum, essentially restricting that choice to fora that are fair to the defendant. Therefore, venue is proper in the Eastern District of Virginia. (Emphasis added).

1996 WL 710835, 40 U.S.P.Q.2d 1844 (E.D.Va. 1996).

Because Defendant has not met its burden of establishing that Richmond Venue is itself improper, and because such Venue is in fact appropriate, the Defendant's Motion should be denied.

## III. DEFENDANT HAS NOT PROVEN THAT TRANSFER IS NECESSARY.

The Plaintiff's choice of forum is entitled to substantial deference. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946); *Akers v. Norfolk/Newport News & Western Ry. Co.*, 378 F.2d 78 (4th Cir.1967).

Regardless, the Plaintiff and the Defendant both likely agree that this Court has great discretion. Regardless of the weight that the Court gives to the Plaintiff's choice of venue, this

remains only one factor to consider. Still, as Defendant has the burden to establish that the Plaintiff's choice is improper, all other things equal, the case should not be dismissed and should stay in Richmond.

The party challenging venue has the burden of demonstrating that venue is improper. *Nossen v. Hoy*, 750 F.Supp. 740, 742 (E.D.Va. 1990); *Kraft v. Hoskins*, 311 F.Supp. 1404, 1405 (E.D.Va.1970). As the Court has previously explained,

> The burden is on the moving party to show that transfer to another forum is appropriate, see *General Foam Plastics Corp. v. Kraemer Export Corp.*, 806 F.Supp. 88, 89 (E.D.Va.1992), and the movant "must show that 'the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought.'" *Id*. at 90 (emphasis in original) (citations omitted).

*Carolina Casualty Insur. Co. v. Mares*, 826 F.Supp. 149, 152 (E.D. Va. 1993).

All of these issues have already been recently and thoroughly considered and addressed in the same context by this Court and in this Division in *Mullins v. Equifax Information Services, L.L.C.*, Slip Copy, 2006 WL 1214024 (E.D.Va. 2006)(Judge Payne) and *Poling v. Trans Union, LLC*, et al., 3:05CV432 (E.D. Va. 2005)(Magistrate Judge D. Dohnal). However, unlike in *Mullins* and *Poling*, in the present matter the objecting Defendant has not provided any evidentiary support for its desired venue. Like Judge Hudson did in *Padin v. Oyster Point Dodge*, a spot delivery case, the Court should deny the objection outright as lacking in necessary proof. (3:04cv501)(Judge H. Hudson). The failure by Defendant to offer specific support for its position by affidavit in its opening briefing is fatal to its motion:

> Witness convenience is often dispositive in transfer decisions. But the influence of this factor cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony. <u>This type of particularized information, typically submitted in affidavit form, is necessary to enable the court to ascertain how much weight to give a claim of inconvenience.</u> Inconvenience to a witness whose testimony is cumulative is not entitled to greater weight. By contrast, greater weight should be accorded inconvenience to

6

witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue. (emphasis added).

*Board of Trustees v. Baylor Heating & Air Conditioning*, 702 F.Supp. 1253 (E.D. Va. 1988).

In *Medicenters of America, Inc. v. T&V Realty and Equipment Corp.*, 371 F.Supp. 1180 (E.D. Va. 1974) Judge Merhige analyzed a Defendant's request to transfer venue from the Richmond Division to the Norfolk/Newport News Division of this Court under subsection 28 U.S.C. §1393(a). While this was a diversity case, the Court never referred to subsection (b). The Court emphasized that the initial choice of forum from among those possible is a privilege given to the Plaintiff, and to overcome that privilege a movant under 28 U.S.C. § 1404(a) bears the burden of demonstrating that the balance of convenience among the parties and witnesses is *strongly* in favor of the forum to which transfer is sought. *T&V Realty* 371 F. Supp. at 1184 (citations omitted) (emphasis in original). The Court also remarked that it is the movant's burden to show that the balance is beyond dead center and strongly favors the transfer sought. *Id.* Under the circumstances, Defendant, even if it had been armed with an appropriate Affidavit, cannot satisfy this burden of proof.

In contrast, at a minimum, the Virginia State Corporation Commission, the agency that regulates loan and lenders, and Corporations and Limited Liability companies in Virginia, is an important neutral witness in the Richmond Division that will need to be subjected to discovery as to prior problems and violations of law by the Defendant in Virginia.

In its brief, Defendant does not make any real effort to offer its own inconvenience as a basis for this motion. This is because it can't. The Defendant is located out of state and likely every single witness for the defendant is also out of state. As the Court recently explained, "[W]here the defendant proposes a transfer to a district or division other than the one in which it

resides, it can hardly be said to have maximized its convenience. See 17 Moore's Federal Practice § 111.13(1)(e) (Matthew Bender 3rd ed.2005)." *Mullins v. Equifax Information Services, L.L.C.*, Slip Copy, 2006 WL 1214024 (E.D.Va. 2006).

The third factor considered by the Court on this question is the catchall category referred to as "Interest of Justice." This set of factors

> [i]s intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties. Such factors may include, for example, the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties and the possibility of harassment.

*Board of Trustees v. Baylor Heating & Air Conditioning*, 702 F.Supp. 1253 (E.D. Va. 1988). In the present matter, there is not already a related and pending action. However, it is apparent that the Court is now familiar with many areas of consumer law, has invested its time in the matter in reviewing and ruling upon the documents and facts in the case in at least two regards (the TRO and Preliminary Injunction). Finally, empirically the Richmond Division is more likely to accommodate a shorter trial schedule than Alexandria. While few of these issues provide a significant basis against transfer, in the face of nothing but generalized complaints from the Defendant, it would be unjust and improper to deny Plaintiff's supported choice of venue.

## IV. DEFENDANT'S DEMAND FOR DISMISSAL IS IMPROPER

Defendant seeks outright dismissal of the case rather than a transfer of venue, in spite of claiming that proper venue in fact lies elsewhere other than the Richmond Division. Defendant's demand is extreme and improper within the Fourth Circuit.

28 U.S.C. §1404 allows transfer of any civil action "[f]or the convenience of parties, in the interest of justice." 28 U.S.C. §1406, in addition to authorizing dismissal for improper venue, also allows "if it be in the interest of justice, transfer such case to any district or division

in which it could have been brought." The interest of justice is more appropriately served by transfer of venue, particularly within the same district, rather than a dismissal on no other grounds.

The Fourth Circuit has long held that transfer of venue in lieu of dismissal is the proper course of action. "[W]e adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district." *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988). *See also, In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 256 (4th Cir. 2002) *and Chance v. Randall*, 2006 WL 2918943 at 2 (E.D. Va. 2006), quoting *Porter*.

The subject motion involves the limited question of venue. *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582 (E.D. Va. 1992), provides a more comprehensive solution.

> The court further observes that even if there were no personal jurisdiction over Hunter-Douglas, and venue were not therefore proper in this district under 28 U.S.C. § 1391(c), transfer of this action would be appropriate under 28 U.S.C. § 1406(a). *See, e.g., Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962). Section 1406(a) allows transfer of an action in which venue is improper "to any district or division in which it could have been brought" if such transfer is "in the interest of justice." 28 U.S.C. 1406(a).
>
> Section 1406(a) has been interpreted broadly to allow transfer where there are impediments to an adjudication on the merits, such as a lack of personal jurisdiction over the defendant, in a plaintiff's chosen forum. *See Goldlawr,* 369 U.S. at 465, 82 S.Ct. at 915; *Porter v. Groat,* 840 F.2d 255, 257-58 (4th Cir.1988) (citing cases).

*Id*. at 594.

If venue is found to be improper in this case, the appropriate cure is transfer rather than dismissal.

## *CONCLUSION*

For the foregoing reasons, Ms. Sicienski asks the Court to deny Defendant's Motion to Dismiss and continue the case on the docket, or in the alternative, in the interest of justice, transfer the case from the Richmond Division to the Alexandria Division.

                        Respectfully submitted.

                        LINDA L. SICIENSKI
                        by Counsel

_____/s/_____
ROBIN A. ABBOTT, Esquire
Virginia State Bar #46596
Counsel for Plaintiff
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
rabbottlaw@msn.com

CERTIFICATE OF SERVICE

        I hereby certify that on this 1st day of June 2007, I will electronically file the foregoing with the Clerk of Court using CM/ECF system, which will then send notification of such filing (NEF) to the following:

        Robert A. Oliveri, Jr., Esquire
        Draper & Goldberg, PLLC
        803 Sycolin Road SE, Suite 301
        Leesburg, VA 20175-5654
        Roberto@drapgold.com
        Counsel for Defendant

        _____/s/_____
        ROBIN A. ABBOTT, Esquire
        Virginia State Bar #46596
        Counsel for Plaintiff
        Consumer Litigation Associates, P.C.
        12515 Warwick Boulevard, Suite 100
        Newport News, Virginia 23606
        (757) 930-3660
        (757) 930-3662 facsimile
        rabbottlaw@msn.com