IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **LINDA L. SICIENSKI** | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. **3:07cv00243-REP** |
| | * | |
| **SAXON MORTGAGE SERVICES, INC.** | * | |
|     Defendant. | * | |

## REBUTTAL BRIEF OF DEFENDANT SAXON MORTGAGE SERVICES, INC.

COMES NOW Defendant Saxon Mortgage Services, Inc., by undersigned counsel, and in rebuttal to "Plaintiff's Memorandum In Opposition To Defendant's Motion To Dismiss Due To Improper Venue" (hereinafter "Plaintiff's Memorandum"), states as follows:

1. The Plaintiff's Memorandum relies on 28 U.S.C. § 1391(b) as the basis for venue in the current matter[1]. However, 28 U.S.C. § 1391 (b) specifically provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, **except as otherwise provided by law**, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought (emphasis added).

While 28 U.S.C. § 1391 may provide where venue is proper generally, 12 U.S.C. § 2614 specifically provides where claims made under 12 U.S.C. 2605 may be brought. The Plaintiff's Memorandum fails to address how the Plaintiff's chosen venue complies with the jurisdictional (venue) requirements of 12 U.S.C. § 2614, which governs the venues for claims made under 12 U.S.C. 2605.

2. Plaintiff further contends that "Venue is proper in the Richmond Division because

---

[1] Plaintiff's Memorandum, page 4, first paragraph, first sentence.

this is the forum within which the Defendant "may be found"'[2]. The exact wording of 28 U.S.C. § 1391(b)(3) specifically states venue is proper in a

> (3) a judicial district in which any defendant may be found, **if there is no district in which the action may otherwise be brought** (emphasis added).

The Plaintiff has not shown that the Plaintiff's current action cannot be brought in a district other than Richmond. In fact, 12 U.S.C. § 2614 states otherwise.

3. In the Plaintiff's Memorandum, the Plaintiff argues that the property is not the subject of her Real Estate Settlement Practices Act (RESPA) claim[3]. If that is indeed the case, then jurisdiction under 12 U.S.C. 2614 would be proper only "where the violation is alleged to have occurred". Based on the claims made in Count 1 of her Complaint and the exhibits attached to Plaintiff's "Motion And Notice For Preliminary Injunction And Temporary Restraining Order", the alleged violations of 12 U.S.C. § 2605(e) occurred in Fort Worth, Texas. Thus, venue would only be proper in the U.S. District Court presiding over Forth Worth (Tarrant County), Texas.

4. Section III of the Plaintiff's Memorandum, the Plaintiff argues the Defendant has not proven that transfer is necessary. The Defendant, in its Motion To Dismiss, is not arguing for the transfer of the Plaintiff's action. It instead argues that the Plaintiff did not file her action in a venue prescribed by 12 U.S.C. § 2614.

## CONCLUSION

The Plaintiff has filed her Complaint in a federal district court other than one that is permitted by 12 U.S.C. § 2614, and pursuant to 28 U.S.C. § 1406, the Defendant is entitled to have the Complaint dismissed.

---

[2] Plaintiff's Memorandum, page 4, first paragraph, first sentence.
[3] Plaintiff's Memorandum, page 1, last sentence.

Respectfully submitted,

**SAXON MORTGAGE SERVICES, INC.**
by Counsel

_____/s/_____
Robert A. Oliveri, Jr., Esquire
Virginia State Bar #47247
*Counsel for Saxon Mortgage Services, Inc.*
DRAPER & GOLDBERG, PLLC
803 Sycolin Road SE, Suite 301
Leesburg, Virginia 20175-5654
703-554-6414 (direct)
703-995-4542 (facsimile)
roberto@drapgold.com

**Certificate of Service**

I hereby certify that on this *6th* day of *June 2007*, I will electronically file the foregoing with the Clerk of the Court using CM/ECF system, which will then send notification of such filing (NEF) to the following:

Robin A. Abbott, Esquire
Consumer Litigation Assoc., P.C.
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606
rabbottlaw@msn.com

_____/s/_____
Robert A. Oliveri, Jr., Esquire
Virginia State Bar #47247
*Counsel for Draper & Goldberg, PLLC*
DRAPER & GOLDBERG, PLLC
803 Sycolin Road SE, Suite 301
Leesburg, Virginia 20175-5654
703-554-6414 (direct)
703-995-4542 (facsimile)
roberto@drapgold.com