IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| **LINDA L. SICIENSKI** | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. **3:07cv00243-REP** |
| | * | |
| **SAXON MORTGAGE SERVICES, INC.** | * | |
|     Defendant. | * | |

## ANSWER

COMES NOW Defendant SAXON MORTGAGE SERVICES, INC (hereinafter "Saxon") by counsel and, in response to the Plaintiff's Complaint, states as follows:

1. Saxon admits that the Plaintiff's action was brought pursuant to the Real Estate Settlement Practices Act (hereinafter "RESPA") and pursuant to the Virginia common law tort of defamation;

2. Saxon denies jurisdiction is conferred upon the Court pursuant to 12 U.S.C. § 2614 (see Saxon's Motion To Dismiss). Saxon further denies that the Plaintiff's defamation claims, as pled, are so related to the Plaintiff's RESPA claim that it warrants the Court exercising supplemental jurisdiction over the Plaintiff's state claims pursuant to the provisions of 28 U.S.C. 1367. Saxon denies that 28 U.S.C. 1391 confers jurisdiction upon the Court as the Plaintiff alleges.

3. Saxon admits that the Plaintiff is a natural person, but denies the Plaintiff is a "Consumer" as defined and governed by RESPA as the term "Consumer" is not a defined or governed term in RESPA;

4. Saxon admits the allegations made in paragraph 4 of the Complaint;

5. Saxon denies the allegations made in paragraph 5 of the Complaint, but does admit that it began servicing the Plaintiff's mortgage loan in December of 2005;

6. Saxon admits that it "used an instrumentality of interstate commerce or the mails in its business activities" and admits "the Plaintiff's home [is] located in Woodbridge, Virginia." Saxon denies the remaining allegations made in paragraph 6 of the Complaint;

7. Saxon is without sufficient information or knowledge to admit or deny the allegations made in paragraph 7 of the Complaint and therefore must deny the same;

8. Saxon admits that, in or about August of 2006, it began refusing to accept the Plaintiff's mortgage loan payment. Saxon denies that the reason it refused to accept the Plaintiff's payments was because the payments were insufficient to bring the mortgage loan current;

9. Saxon is without sufficient information or knowledge to admit or deny the allegations made in paragraph 9 of the Complaint and therefore must deny the same;

10. Saxon admits that, upon information or belief, "[o]n or about December 20, 2006, the Plaintiff [by counsel] sent a letter to Saxon that included her name and account number", "that this letter further provided sufficient detail to Saxon of the nature of other information sought by the Plaintiff", and that the letter was a "qualified written request". Saxon denies the remaining allegations made in paragraph 10 of the Complaint;

11. Saxon admits the allegations made in paragraph 11 of the Complaint;

12. Saxon admits that it responded to the Plaintiff's December 20, 2006 qualified written request, but denies that it "responded in part" and "did not respond fully";

13. Saxon is without sufficient information or knowledge to admit or deny the allegations made in paragraph 13 of the Complaint and therefore must deny the same;

14. Saxon denies the allegations made in paragraph 14 and hereby demands strict proof of said allegations;

15. Saxon denies the allegations made in paragraph 15 of the Complaint, but admits

that it did ask a foreclosure trustee to commence foreclosure proceedings against the Plaintiff's property pursuant to the terms of the Deed Of Trust;

16. Upon information and belief, Saxon admits the allegations made in paragraph 16 of the Complaint;

## COUNT ONE:  VIOLATION OF THE REAL ESTATE SETTLEMENT PRACTICES ACT

17. Saxon restates and incorporates herein the responses it has provided in paragraphs 1 through 16 above;

18. Saxon denies the allegations made in paragraph 18 of the Complaint;

19. Saxon is without sufficient information or knowledge to admit or deny the allegations made in paragraph 19 of the Complaint and therefore must deny the same;

## COUNT TWO:  DEFAMATION

20. Saxon restates and incorporates herein the responses it has provided in paragraphs 1 through 19 above;

21. Saxon denies the allegations made in paragraph 21 of the Complaint;

22. Saxon denies the allegations made in paragraph 22 and hereby demands strict proof of said allegations;

23. Saxon denies the allegations made in paragraph 23;

24. Saxon is without sufficient information or knowledge to admit or deny the allegations made in paragraph 24 of the Complaint and therefore must deny the same;

25. Saxon denies the allegations made in paragraph 25;

26. Saxon denies the allegations made in paragraph 26;

## COUNT THREE:  DEFAMATION

27. Saxon restates and incorporates herein the responses it has provided in paragraphs 1 through 26 above;

28. Saxon denies the allegations made in paragraph 28 of the Complaint;

29. Saxon denies the allegations made in paragraph 29 and hereby demands strict proof of said allegations;

30. Saxon denies the allegations made in paragraph 30 of the Complaint;

31. Saxon is without sufficient information or knowledge to admit or deny the allegations made in paragraph 31 of the Complaint and therefore must deny the same;

32. Saxon denies the allegations made in paragraph 32 of the Complaint;

33. Saxon denies the allegations made in paragraph 33 of the Complaint;

## COUNT FOUR: INJUNCTIVE RELIEF

34. Saxon restates and incorporates herein the responses it has provided in paragraphs 1 through 33 above;

35. Upon information and belief, Saxon admits the allegations made in paragraph 35 of the Complaint;

36. Saxon denies the allegations made in paragraph 36 of the Complaint;

37. Saxon denies the allegations made in paragraph 37 of the Complaint;

38. Saxon denies the allegations made in paragraph 38 of the Complaint;

39. Saxon denies the allegations made in paragraph 39 of the Complaint.

WHEREFORE, Defendant Saxon Mortgage Services, Inc. respectfully requests that the Court enter judgment in favor of Saxon Mortgage Services, Inc. and dismiss the Plaintiff's Complaint with prejudice.

## AFFIRMATIVE DEFENSES

1. The Plaintiff breached the terms of her contract (Note and Deed Of Trust) and that breach was material;

2. The Plaintiff failed to exercise diligence with respect to the payment of her mortgage loan and providing proof of insurance in a timely manner;

3. The Plaintiff received the benefit of her bargain;

4. Any damages sustained by the Plaintiff, if any, were proximately caused by the Plaintiff;

Respectfully submitted,

**SAXON MORTGAGE SERVICES, INC.**
    by Counsel

_____/s/_____
Robert A. Oliveri, Jr., Esquire
Virginia State Bar #47247
*Counsel for Saxon Mortgage Services, Inc.*
DRAPER & GOLDBERG, PLLC
803 Sycolin Road SE, Suite 301
Leesburg, Virginia 20175-5654
703-554-6414 (direct)
703-995-4542 (facsimile)
roberto@drapgold.com

### Certificate of Service

I hereby certify that on this *25th* day of *June 2007*, I will electronically file the foregoing with the Clerk of the Court using CM/ECF system, which will then send notification of such filing (NEF) to the following:

    Robin A. Abbott, Esquire
    Consumer Litigation Assoc., P.C.
    12515 Warwick Boulevard, Suite 100
    Newport News, VA 23606
    rabbottlaw@msn.com

_____/s/_____
Robert A. Oliveri, Jr., Esquire
Virginia State Bar #47247
*Counsel for Draper & Goldberg, PLLC*

DRAPER & GOLDBERG, PLLC
803 Sycolin Road SE, Suite 301
Leesburg, Virginia 20175-5654
703-554-6414 (direct)
703-995-4542 (facsimile)
roberto@drapgold.com